E-FILED
Monday, 20 March, 2006  11:16:56 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DIANNA MALCOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3238 |
| | ) | |
| GREG SEIPEL, ERIC HOBBIE, | ) | |
| ALISHA ANKER, and SCOTT | ) | |
| NORRIS, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss the Complaint (d/e 4) (Motion to Dismiss).  Plaintiff Dianna Malcom was employed as a relief system operator by the Department of Public Utilities (Department) of the City of Springfield, Illinois (City).  Malcom filed the instant lawsuit against four Department officials, alleging equal protection violations pursuant to 28 U.S.C. § 1983.  Defendants move to dismiss under Fed.R.Civ.P. 12(b)(6), asserting that: (1) Plaintiff fails to state a claim in that she fails to adequately allege an equal protection violation and (2)

1

Defendants are entitled to qualified immunity.[1]   As set forth below, Defendants' Motion to Dismiss is denied.

BACKGROUND

The following facts are taken from the allegations of the Complaint (d/e 1).  At all relevant times, Malcom was employed by the Department as a relief system operator.  Prior to becoming a relief system operator, Malcom completed the system operator training program.   As a relief system operator, Malcom "was fully trained and qualified to perform the work of a system operator, but lacked the seniority to serve on a full time basis as a system operator.  As a relief system operator, she worked in the stead of system operators when a vacancy in that position existed . . . ."  Complaint, ¶ 8.  At all relevant times, the Department employed three individuals,

---

[1]Defendants' filed a Motion for Leave to File Reply to Memorandum of Plaintiff in Opposition to the Defendants' Motion to Dismiss (d/e 8) (Motion for Leave to File Reply), which the Court allowed by Text Order dated January 13, 2006.  Defendants were granted leave to file a reply to Plaintiff's Memorandum in Opposition on or before January 27, 2006.  Defendants, however, failed to do so.  The Court notes that Local Rules generally prohibit replies in support of motions to dismiss.  Local Rule 7.1(A)(3).  In requesting leave to file a reply, Defendants asserted that Plaintiff made representations in her Memorandum that were outside of the allegations of the Complaint and requested an opportunity to respond.   However, in analyzing Defendant's Motion to Dismiss, the Court will, as it must, limit itself to the allegations of Plaintiff's Complaint.  Furthermore, while Defendants attached a copy of a February 6, 2004, Memorandum to Malcom to their Motion for Leave to File Reply, that document is outside the pleadings and not properly before the Court on a motion to dismiss.  Thus, the Court proceeds to rule on the Motion to Dismiss as briefed.

including Malcom, as relief system operators.  Of these three, only Malcom was female.  Id., ¶ 9.

Defendant Greg Seipel was, at all relevant times, the Department's superintendent of electric distribution.  As a part of his duties, Seipel was responsible for making employment decisions for various Department employees.  Defendant Eric Hobbie was, at all relevant times, a supervisor with the Department.  Hobbie supervised system operators and relief system operators in the Department.  Defendant Alisha Anker was, at all relevant times, a dispatcher with the Department.  As such, she oversaw various terms and conditions of employment of system operators and relief system operators.  Defendant Scott Norris was, at all relevant times, a system operator.  As a part of his position, Norris oversaw various terms and conditions of employment of relief system operators.

As a relief system operator, Malcom was subject to the jurisdiction of the system operator training committee which oversaw the employment activities of relief system operators.  Complaint, ¶¶ 8, 10.  Defendants Hobbie, Anker, and Norris were members of the system operator training committee.  Id., ¶ 10.  At various times, Malcom was called before the system operator training committee by Hobbie, Anker, and Norris.  Id., ¶

11.  Malcom was counseled by the committee concerning the manner in which she engaged in certain aspects of her job.  <u>Id</u>.  The male relief system operators engaged in similar or more serious actions than Malcom, yet they were not called before the system operator training committee or counseled as to the manner in which they performed their jobs.  <u>Id</u>., ¶ 12.

On February 6, 2004, Malcom was placed on an involuntary leave of absence.  Thereafter, Malcom was "required to undergo a psychiatric evaluation initiated by the CITY."[2]  <u>Complaint</u>, ¶ 13.  According to Malcom, the stated reason for this action was that she "had made various mistakes in performing her duties as a relief system operator."  <u>Id</u>.

Malcom underwent the required psychiatric evaluation on April 14, 2004.  As a result of the examination, Malcom "was determined to be fully fit to perform her duties . . . ."  <u>Complaint</u>, ¶ 14.  On July 23, 2004, Malcom was removed from her status as a relief system operator for a period

---

[2]Defendants ask the Court to strike this allegation as unrelated to the conduct of the Defendants.  Federal Rule of Civil Procedure 12(f) provides a means for striking matter that is "redundant, immaterial, impertinent, or scandalous" from a pleading.  "Motions to strike are not favored, and will only be granted if the language in the pleading has no possible relation to the controversy and is clearly prejudicial."  <u>Jennings v. State of Ill. Dept. of Corrections</u>, 2006 WL 374112, *3 (C.D. Ill. 2006) (internal quotations and citations omitted).  It is not clear at this point that the allegation that Malcom was required to undergo a psychiatric evaluation that was initiated by the City has no possible relation to the controversy, nor is it clearly prejudicial.  Thus, Defendants' request to strike the allegation is denied.

4

of six days.  Id., ¶ 16.  No male relief system operator has been removed from his status as a relief system operator.  Id.  According to Malcom, male relief system operators committed mistakes as serious or more serious than she did; "[h]owever, at no time has any action been taken against them because of those mistakes.  Instead, Defendants have ignored the mistakes committed by those individuals."  Id., ¶ 15.

## ANALYSIS

Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Malcom.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).  "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate."  Sanville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001) (internal quotations and citations

omitted).  Defendants argue that: (1) Plaintiff fails to state a claim in that she fails to adequately allege an equal protection violation and (2) Defendants are entitled to qualified immunity.  As set forth below, Defendants' arguments are unpersuasive.

A.    Failure To State A Claim

Two allegations are required to state a cause of action under § 1983: (1) Malcom must allege that some person has deprived her of a federal right, and (2) she must allege that the person who has deprived her of that right acted under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 638 (1980).  Defendants argue that Malcom fails to sufficiently allege a deprivation of a federal right, here the right to equal protection.

Under the Fourteenth Amendment to the United States Constitution, "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  In a traditional equal protection claim, a plaintiff alleges that he or she suffered disparate treatment based on membership in a protected class, such as race, gender or religion.  The Seventh Circuit has also recognized equal protection claims brought by a "class of one" when "(1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the

6

difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant."  McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004).  Defendants assert that Malcom "does not allege that she was discriminated against based on being a member of a protected group" and, further, that Malcom fails to adequately allege a "class of one" equal protection claim.  Memorandum in Support of Motion to Dismiss (d/e 5) (Defendants' Memorandum, p. 2-4.  As set forth below, the Court finds that Malcom sufficiently alleges a traditional gender-based equal protection claim.  Thus, the Court need not address Defendants' assertions relating to the "class of one" theory.

Under Fed.R.Civ.P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8, a plaintiff need not plead all of the elements of her claims or all of the facts necessary to support them.  Rather, the Court must determine whether the Complaint gives the Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (internal quotations and citation omitted).  Plaintiff's Complaint alleges that she was a female relief system

operator and that she was treated differently, and less favorably, than male relief system operators in several identified instances. These allegations, which must be accepted as true for purposes of the Motion to Dismiss, more than meet the requirements of Rule 8 for a traditional gender-based equal protection claim. <u>See, e.g.</u>, <u>Brown v. Budz</u>, 398 F.3d 904, 916 (7th Cir. 2005) (considering sufficiency of pleadings in a race-based equal protection claim). Defendants' request to dismiss for failure to state a claim is denied, and the Court need not address Defendants' arguments relating to a "class of one" equal protection claim.

B.   <u>Qualified Immunity</u>

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In analyzing an assertion of qualified immunity, the Court must first determine whether the conduct, as alleged, violates a constitutional or statutory right, and then whether the right in question was "clearly established" at the time of the alleged misconduct. <u>Saucier, v. Katz</u>, 533 U.S. 194, 200-01 (2001). "The plaintiff bears the burden of

establishing that a given right is 'clearly established.'" <u>Lunini v. Grayeb</u>, 395 F.3d 761, 769 (7th Cir. 2005).

Defendants contend that Malcom fails to show that a reasonable city employee would have known that it was unlawful to treat her differently as alleged in the Complaint. <u>Defendants' Memorandum</u>, p. 6. At the motion to dismiss stage, the Court limits its analysis to the allegations of the Complaint. Defendants assert that they are entitled to qualified immunity under Malcom's allegations. However, as previously noted, Malcom's Complaint alleges that she was a female relief system operator and that she was treated differently, and less favorably, with respect to her employment than male relief system operators in several identified instances. If true, these facts could support a finding of an equal protection violation. Moreover, the right in question, is clearly established. Both the Supreme Court and the Seventh Circuit, in cases involving employment issues, have long recognized "that the equal protection clause contains a 'federal constitutional right to be free from gender discrimination' that does not 'serve important governmental objectives' and is not 'substantially related to those objectives.'" <u>Bohen v. City of East Chicago, Ind.</u>, 799 F.2d 1180, 1185 (7th Cir. 1986) (quoting <u>Davis v. Passman</u>, 442 U.S. 228, 234-35

(1979)).  Defendants' argument, which is based on a "class of one" equal protection theory, is inapposite.  Defendants are not entitled to qualified immunity at this point.

CONCLUSION

THEREFORE, Defendants' Motion to Dismiss the Complaint (d/e 4) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   March 20, 2006.

FOR THE COURT:

                s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE